

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

### Court of Common Pleas

**New Case Electronically Filed:**
**October 22, 2019 19:52**

By: MATTHEW L. ALDEN 0065178

Confirmation Nbr. 1849079

JOSEPH W. WAGNER                                    CV 19 923718

vs.

ATLANTICUS HOLDINGS CORPORATION          **Judge:** CASSANDRA COLLIER-WILLIAMS

Pages Filed: 20

EXHIBIT 1

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO
CIVIL DVISION

| | | |
|---|---|---|
| Joseph W. Wagner | ) | Case No.: |
| 4466 Azalea Lane | ) | |
| North Olmsted, Ohio  44070-2447, | ) | Judge: |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Complaint For Money Damages And** |
| v. | ) | **Injunctive Relief** |
| | ) | |
| Atlanticus Holdings Corporation | ) | **Jury Demand Endorsed Hereon** |
| c/o Corporation Service Company, s/a | ) | |
| 40 Technology Parkway South | ) | |
| Suite 300 | ) | |
| Norcross, Georgia  30092, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

For his complaint against the Defendant Atlanticus Holdings Corporation ("Atlanticus"),

Plaintiff Joseph W. Wagner ("Wagner") states as follows:

### Preliminary Statement

1.     This is an action for actual, statutory and punitive damages brought by Wagner against

Atlanticus for its negligent, willful and knowing violations of the Fair Credit Reporting Act, the

Fair Debt Collection Practices Act, and  its violations of the Ohio Consumer Sales Practices Act,

in connection with its unlawful, post-discharge collection activity and unlawful accessing of

Wagner's credit information subsequent to his bankruptcy discharge.

### Jurisdiction And Venue

2.     This Court has jurisdiction over this matter pursuant to Oh. Rev. Code § 1345.04, Oh. Rev.

Code § 2305.01, 15 U.S.C. § 1681p, and 15 U.S.C. § 1692k(d). Venue in this county is proper

because Atlanticus transacts business in this county and part of the conduct complained of occurred

in this county.

**Parties**

3.  Wagner is an adult individual presently residing Cleveland, Ohio and is a "consumer" as that term is defined in the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Consumer Sales Practices Act.

4.  Atlanticus is a Georgia corporation that is not licensed to conduct business in Ohio.

5.  For the purposes of this complaint, unless otherwise indicated, "Atlanticus Holdings Corporation" or "Fortiva" means all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Atlanticus Holdings Corporation.

**Background**

6.  The principal business line of Atlanticus is, in part, to service consumer loans and credit accounts extended by third party lenders.  (See Group Exhibit A, Page 2).  Part of Atlanticus' business line includes the collection of debts owed by consumers.

7.  In or about September of 2017, The Bank of Missouri extended credit to Wagner in the form of a Master Card charge card ending in account number 1837.  Servicing on the 1837 account was provided by Atlanticus under the trade name of "Fortiva."

8.  Subsequently, the 1837 account went into default and a past-due balance of $1,271.00 was charged off by The Bank of Missouri.

9.  On July 16, 2018, Wagner filed for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Northern District of Ohio. A true and accurate copy of his Notice of Bankruptcy filing is attached to this Complaint as Group Exhibit A, Page 3.

10.  The case was docketed as *In re Joseph W. Wagner*, Case No.: 18-14232.

11.  The debt owed to The Bank of Missouri for account number 1837 was duly listed on

Schedule E/F as an unsecured debt in Wagner's bankruptcy petition, providing Atlanticus actual knowledge that Wagner had filed for bankruptcy. No documents mailed or sent to Atlanticus by the bankruptcy court regarding Wagner's case were returned by the Postal Service as undeliverable or improperly addressed.

12.     On October 17, 2018, the bankruptcy court issued an order to all of Wagner's creditors, including Atlanticus, granting Wagner a discharge of all the unsecured consumer debt he owed at that time, including the debt owed to The Bank of Missouri for account number 1837. A true and accurate copy of Wagner's discharge order is attached to this Complaint as Group Exhibit A, Pages 4-7.

13.     The discharge order terminated any rights of his unsecured creditors to collect money he owed at that time, including the 1837 account serviced by Atlanticus.

14.     Wagner never reaffirmed any of the unsecured debt discharged in his bankruptcy case.

15.     Wagner received a full discharge of all his unsecured consumer debt, including any debt that Atlanticus was attempting to collect.

16.     As of October 17, 2018, the date of the discharge order, Atlanticus knew or should have known that Wagner was the debtor in a Chapter 7 bankruptcy case, that he was granted a discharge in the bankruptcy case and that he was subsequently protected from any direct or indirect collection acts whatsoever by virtue of the injunction provided under the bankruptcy code, specifically 11 U.S.C. § 524.

17.     As of October 17, 2018, Atlanticus had no reason to access Wagner's credit reports or to conduct any collection activity with respect to him.

18.     Despite the fact that Wagner received a discharge for any debt for which Atlanticus could be collecting as of October 17, 2018, on November 20, 2018, Atlanticus accessed the personal and

confidential information contained in Wagner's Equifax account without any permissible purpose and without Wagner's knowledge or consent.

19.     Wagner had no reason to suspect that Atlanticus had illegally pulled his personal and confidential Equifax credit report until he obtained a copy of his Equifax credit report dated August 21, 2019, which disclosed the illegal pull and collection activity that occurred on November 20, 2018. A true and accurate copy of the relevant portion of Wagner's August 21, 2019 Equifax credit report is attached as Group Exhibit A, Pages 8-9.

20.     On November 20, 2018, Atlanticus represented to Equifax that its request for Wagner's personal and confidential credit information was made for "account review" purposes in order to conduct collection activity.

21.     Wagner has not requested credit from or otherwise initiated any business relationship with Atlanticus or The Bank of Missouri at any time subsequent to his bankruptcy filing and discharge.

22.     After a reasonable time to conduct discovery, Wagner believes he can prove that all actions taken by Atlanticus as described in this Complaint were taken willfully to invade his privacy without justification and with reckless disregard for Plaintiff's rights.

23.     Creditors and debt collectors are desensitized to disputes over money and demands for payment.

24.     Conflicts over money become routine and are handled in an assembly-line fashion.

25.     For individuals that have been put through the rigors of a bankruptcy filing, however, the reality is starkly different.

26.     As Judge Harris of the Northern District of Ohio Bankruptcy Court has noted, "[a] bankruptcy filing is a stressful and emotional event for an individual debtor." *In re Docherty*, 2016 Bankr. Lexis 511, *35 (N.D. Oh. Bankr. 2016).

27.     The filing of a Chapter 7 bankruptcy case involves putting out into the public record numerous details about a set of circumstances that have led to financial failure.

28.     The reasons vary, but usually involve divorce, job loss, a serious medical issue, unmanageable student loans, poor judgment, or some combination of all or part of these factors. It is a truly unpleasant experience that most people are eager to put behind them.

29.     Wagner is justifiably upset that, after all he went through to get past a depressing episode in his life, Atlanticus is trying to deny him the fresh start he thought the discharge order in his case had obtained for him.

30.     Wagner reasonably fears that, absent this Court's intervention, Atlanticus will:

   a.   continue to illegally access his personal, private and financial information;

   b.   ultimately attempt to seek payment from him on a discharged debt; and

   c.   ultimately cause harm to his credit or otherwise harm him economically.

31.     Because of the actions taken by Atlanticus in conducting post-discharge account reviews that lacked any legitimate purpose, Wagner was forced to hire an attorney and his damages include reasonable attorney fees incurred in pre-suit representation and prosecuting this case.

### Claim No. 1: Violation of 15 U.S.C. § 1681n

32.     All prior paragraphs are incorporated into this claim by reference.

33.     Atlanticus is a furnisher and user of consumer credit information.

34.     After receiving his discharge, at no time did Wagner apply for credit from Atlanticus.

35.     Upon information and belief, Atlanticus knowingly and willfully requested and obtained Wagner's consumer report from Equifax despite having actual knowledge that Wagner's obligation on his unsecured debt was discharged in his bankruptcy as of October 17, 2018.

36.     Atlanticus lacked any permissible purpose in conducting "account reviews" or in obtaining

Wagner's personal credit information after he received his bankruptcy discharge.

37.     Atlanticus knowingly and willfully obtained Wagner's information from Equifax under false pretenses.

38.     As a direct and proximate result of Atlanticus' violations of the Fair Credit Reporting Act, Plaintiff has suffered and will continue to suffer considerable harm and injury including, but not limited to, mental distress and emotional anguish stemming from the ongoing invasion of his privacy, entitling Plaintiff to an award of actual damages in an amount to be proven at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681n.

39.     Additionally, the harm suffered by Wagner is attended by circumstances of fraud and willful misconduct, entitling Plaintiff to punitive damages pursuant to 15 U.S.C. § 1681n(a)(2).

## Claim No. 2: Violation of 15 U.S.C. § 1681o

40.     All prior paragraphs are incorporated into this claim by reference.

41.     Atlanticus is a furnisher and user of consumer credit information.

42.     After receiving his discharge, at no time did Wagner apply for credit from Atlanticus.

43.     Upon information and belief, Atlanticus negligently requested and obtained Plaintiff's consumer report from Equifax.

44.     Atlanticus lacked any permissible purpose in conducting "account reviews" or in obtaining Wagner's personal credit information after he received his bankruptcy discharge.

45.     Atlanticus negligently obtained Wagner's information from Equifax under false pretenses.

46.     After a reasonable time to conduct discovery, Wagner believes he can prove:

    a.   that Atlanticus has received other disputes from consumers like Plaintiff, complaining of the same conduct as alleged in this Complaint. Specifically, Atlanticus routinely obtains consumer reports on consumers that Atlanticus knows or should know have filed for

bankruptcy and who have received a discharge in bankruptcy;

b.   that despite the receipt of disputes from consumers, Atlanticus refuses to correct its policies and procedures with respect to obtaining consumer reports after bankruptcy discharge; and

c.   that Atlanticus is engaged in a pattern and practice of unlawful behavior with respect to the accessing of consumer reports on individuals who have received a discharge in bankruptcy.

47.      As a direct and proximate result of Atlanticus' violations of the Fair Credit Reporting Act, Plaintiff has suffered and will continue to suffer considerable harm and injury including, but not limited to, mental distress and emotional anguish stemming from the ongoing invasion of his privacy, entitling Plaintiff to an award of actual damages in an amount to be proven at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o(a)(1) & (2).

**Claim 3:  Violations of the Federal Fair Debt Collection Practices Act**

48.      All prior paragraphs are incorporated into this claim by reference.

49.      Wagner is a "consumer" as defined by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692a(3).

50.      Atlanticus is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692a(6) because Atlanticus regularly uses the instrumentalities of interstate commerce to collect debts for another or for its own account that are in default and for which Atlanticus was not the original lender. The principal business of Atlanticus is the collection of debts owed to others.

51.      Upon information and belief, the account that Atlanticus was trying to collect from Wagner was a debt which arose out of a transaction which was primarily for personal, family or household purposes as defined by the FDCPA at 15 U.S.C. § 1692a(5).

52.      Atlanticus misrepresented the character of the debt and the legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A) because the debt was discharged in Wagner's bankruptcy

case and he no longer owes any money on the account.

53.     Atlanticus made false and misleading representations prohibited by 15 U.S.C § 1692e by illegally accessing Wagner's Equifax credit report in an attempt to collect on the account after it was discharged in Wagner's bankruptcy.

54.     Atlanticus engaged in unfair, unconscionable, and deceptive practices in violation of 15 U.S.C. § 1692f by attempting to collect on a discharged debt from a Chapter 7 debtor who was under the protection of the bankruptcy discharge injunction and by and illegally accessing Wagner's personal and confidential credit report.

55.     As a direct and proximate result of Atlanticus' violations of the Fair Debt Collection Practices Act, Atlanticus is liable to Wagner in the sum of Wagner's actual damages, statutory damages, costs, and attorneys' fees, an amount which exceeds $25,000.00.

### Claim 4: Violations of the Ohio Consumer Sales Practices Act

56.     All prior paragraphs are incorporated into this claim by reference.

57.     Wagner is a "consumer" as defined by the Ohio Consumer Sales Practices Act, Oh. Rev. Code § 1345.01(D).

58.     Atlanticus is a "supplier" as defined by the Consumer Sales Practices Act, Oh. Rev. Code § 1345.01(C).

59.     Atlanticus is directly engaged in the business of effecting "consumer transactions".

60.     The principal business purpose of Atlanticus is the collection of debts, including debts owed to others by consumers.

61.     Atlanticus committed unfair, deceptive and unconscionable acts or practices in violation of Oh. Rev. Code §§ 1345.02(A) and 1345.03(A) of the Consumer Sales Practices Act including:

    a.   attempting to collect on a debt that Atlanticus knew or should have known was subject to

the bankruptcy discharge order entered in Wagner's bankruptcy case;

b.   illegally accessing Wagner's Equifax credit report as part of an illegal attempt to collect a

defaulted consumer debt when Atlanticus knew or should have known all collection activity

was prohibited by the discharge order entered in Wagner's bankruptcy case; and

c.   making false, misleading, and deceptive statements to Equifax and to Wagner that

Atlanticus had the authority to review Wagner's personal and confidential credit history in an

attempt to collect a discharged, defaulted, unsecured consumer debt.

62.     Such acts and practices have been previously determined by Ohio courts to violate the

Consumer Sales Practices Act, Oh. Rev. Code §§ 1345.01 to 1345.99.

63.     Atlanticus committed the violations after such decisions were available for public

inspection pursuant to Oh. Rev. Code § 1345.05(A)(3).

64.     Specifically, the following cases have held that similar unfair and deceptive acts and

practices violate the Ohio Consumer Sales Practices Act: *In The Matter of United Collection

Bureau, Inc.*, State Of Ohio, Office of the Attorney General Consumer Protection Section,

Docket No.: 36490 (August 12, 2010) (PIF # 10002890) and *Becker v. Montgomery, Lynch*

(N.D. Oh. 2003), Case No.: 1:02 CV 874 (PIF#10002153).

65.     Additionally, under well-settled Ohio law, a violation of the Fair Debt Collection

Practices Act is also a violation of the Consumer Sales Practices Act. *Becker v. Montgomery,

Lynch* (N.D. Oh. 2003), Case No.: 1:02 CV 874 (PIF#10002153).

66.     Atlanticus knowingly committed the unfair, deceptive, and unconscionable acts and

practices.

67.     As a direct and proximate result of Atlanticus' unfair, deceptive, and unconscionable acts

and practices, Wagner has been damaged in amounts to be proven at trial in excess of

$25,000.00.

68.     Atlanticus' actions in this matter have been willful and undertaken with such reckless disregard of Wagner's rights that malice may be inferred, subjecting Atlanticus to liability for punitive damages in an amount in excess of $25,000.00.

**Prayer For Relief**

**Wherefore**, Plaintiff Joseph W. Wagner prays for judgment against Defendant Atlanticus Holdings Corporation as follows:

1.     An award of actual damages in such amounts to be proved at trial in excess of $25,000.00, pursuant to 15 U.S.C.§§ 1681n(a)(1) & 1681o(a)(1);

2.     An award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

3.     An award of punitive damages, in excess of $25,000.00, pursuant to 15 U.S.C. § 1681n(a)(2);

4.     Money damages equal to 3 times Wagner's actual damages or $200.00 for each unlawful act specified, whichever is greater, pursuant to Oh. Rev. Code § 1345.09(B);

5.     For punitive damages in amounts to be proven at trial in excess of $25,000.00;

6.     For an order declaring that Atlanticus Holdings Corporation engaged in acts and practices in violation of the Ohio Consumer Sales Practices Act;

7.     For a permanent injunction enjoining Atlanticus Holdings Corporation and its agents, servants, employees, successors or assigns, and all persons acting in concert and participation with them, directly or indirectly, through any corporate device, partnership, or other association, under this or any other name, from engaging in the acts and practices described in this complaint in the State of Ohio until complying with the laws of the State of Ohio and satisfaction of any monetary obligations to Wagner;

8.    For an amount of money in excess of $25,000.00 equal to Wagner's actual damages, statutory damages pursuant to 15 U.S.C. § 1692k, and his costs and attorney fees pursuant to 15 U.S.C. § 1692k;

9.    For pre-judgment and post-judgment interest;

10.   Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) & 1681o(a)(2), and Oh. Rev. Code § 1345.09(F)(2); and

11.   All other legal or equitable relief to which Plaintiff may be entitled.

### Demand For A Jury Trial

Pursuant to Oh. R. Civ. P. 38, Plaintiff demands a trial by jury on all issues of fact.

Respectfully submitted,

/s/ Matthew L. Alden
Matthew L. Alden (0065178)
Patrick D. Miller (0088408)
Luftman, Heck & Associates LLP
2012 West 25th Street, Suite 701
Cleveland, Ohio  44113-4131
Phone:  216-586-6600
Fax:    216-539-9326
malden@lawlh.com
Counsel for Joseph W. Wagner

Fortiva Retail Credit | Contact Us Today



(http://yoururlhere.com/)

GET INFO (HTTP://YOURURLHERE.COM/APPLICATION)    LOG IN (HTTPS://WWW.FORTIVAFINANCINGSOLUTIONS.COM/FORTIVA)

Second Look Financing    |    How it Works    |    For Consumers    |    **About Us** (https://www.fortivaretailcredit.com/about/)

# Contact Us Today

## Merchants, we are here to help you make the sale. Please send us an email or give us a call and let us know how we can help you today.

Give us a call at 800-792-1421 or to receive an email, please fill out this form (http://fortivaretailcredit.com/application).

Electronically Filed 10/22/2019 19:52 / CV 19 923718 / Confirmation Nbr. 1849079 / CLSLP

*Group Exhbit A, Page 1*

10/22/2019

Fortiva Retail Credit | Contact Us Today

**FORTIVA RETAIL CREDIT**

5 Concourse Parkway Suite 300
Atlanta, GA 30328

**Are you a customer?**

- Received a mail offer? Click here
  (https://www.fortivacreditcard.com)
- Looking to make a payment? Click here
  (https://www.myfortiva.com)
- Need to contact us? Click here
  (https://www.fortivaservicing.com/en_ext/contactExternal.jsp;jsessionid=L80sN9oSuzNTTbdCx5l-
  fAP4.fsgeneric_node0a)

**Home**
(https://www.fortivaretailcredit.com
**Why Fortiva Retail Credit**
(https://www.fortivaretailcredit.com
**What is Second Look**
(https://www.fortivaretailcredit.com
look-financing/)
**Process**
(https://www.fortivaretailcredit.com
**FAQs**
(https://www.fortivaretailcredit.com

**About Us**
(https://www.fortivaretailcredit.com
**Newsroom**
(https://www.fortivaretailcredit.com
**Events**
(https://www.fortivaretailcredit.com/events/)
**Get More Info**
(https://www.fortivaretailcredit.com/application/)
**Contact Us**
(https://www.fortivaretailcredit.com/contact-
us/)

**FOR CONSUMERS**
**Manage Account**
(https://www.myfortiva.com)
**Respond to a Mail Offer**
(https://www.fortivacreditcard.com)

**800-792-1421 | Partnerinfo@fortivafinancial.com** (mailto:Partnerinfo@fortivafinancial.com) **| 5 Concourse Parkway, Suite 300, Atlanta, GA 30328**

Fortiva Retail Credit is issued by The Bank of Missouri, St. Robert, MO, Member FDIC. ©2018 Atlanticus Services Corporation. All rights reserved.
Website Terms of Use (https://www.myfortiva.com/terms-of-use/) | Website Privacy & Security Policy (https://www.myfortiva.com/website-privacy-security-policy/)

*Group Exhbit A, Page 2*

Electronically Filed 10/22/2019 19:52 / CV 19 923718 / Confirmation Nbr. 1849079 / CLSLP

7/16/2018                                  Ohio Northern Bankruptcy v5.1.1

United States Bankruptcy Court
Northern District of Ohio

## Notice of Bankruptcy Case Filing

FILED
07/16/2018
3:08 PM

A bankruptcy case concerning the debtor(s) listed below was
filed under Chapter 7 of the United States Bankruptcy Code,
entered on 07/16/2018 at 3:08 PM and filed on 07/16/2018.

**Joseph W. Wagner**
4466 Azalea Lane
North Olmsted, OH 44070
SSN / ITIN: xxx-xx-7570

The case was filed by the debtor's attorney:            The bankruptcy trustee is:

**Patrick D. Miller**                                   **Virgil E. Brown, Jr.**
Luftman, Heck & Associates                              4070 Mayfield Road
2012 West 25th Street, Suite 701                        Cleveland, OH 44121
Cleveland, OH 44113                                     (216) 851-3304
216-586-6600

The case was assigned case number 18-14232-aih to Judge ARTHUR I HARRIS.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against
the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at
all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take
other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights
in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available via
the **PACER** system at https://ecf.ohnb.uscourts.gov (registration required) or at the Clerk's Office, United States
Bankruptcy Court, Howard M. Metzenbaum U.S. Courthouse, 201 Superior Avenue, Cleveland, OH 44114-1235
between the hours of 9:00 AM - 4:00 PM.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
important deadlines.

**Teresa D. Underwood**
**Clerk, U.S. Bankruptcy Court**

| PACER Service Center |
|:---:|
| Transaction Receipt |

Electronically Filed 10/22/2019 19:52 / / CV 19 923718 / Confirmation Nbr. 1849079 / CLSLP
07/16/2...

**Group Exhbit A**  *Page 3*

United States Bankruptcy Court
Northern District of Ohio

In re:                                                          Case No. 18-14232-aih
Joseph W. Wagner                                                Chapter 7
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0647-1          User: admin          Page 1 of 2          Date Rcvd: Oct 18, 2018
                             Form ID: 318          Total Noticed: 27

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 20, 2018.
db          +Joseph W. Wagner,    4466 Azalea Lane,    North Olmsted, OH 44070-2447
25553509     AKRON BILLING CENTER,    EMERGENCY PROFESSIONAL SERVICES,    3585 RIDGE PARK DRIVE,
             AKRON, OH 44333-8203
25553510    +BEST BUY CREDIT SERVICES,    PO BOX 790441,    SAINT LOUIS, MO 63179-0441
25553513    +FIRST FEDERAL CREDIT & COLLECTIONS,    24700 CHAGRIN BLVD STE 205,    BEACHWOOD, OH 44122-5662
25553514     FIRSTCREDIT,    ATTN: BANKRUPTCY,    PO BOX 630838,    CINCINNATI, OH 45263-0838
25553512    +FMS, INC.,    PO BOX 707600,    TULSA, OK 74170-7600
25553516    +FORTIVA,    5 CONCOURSE PKWY,    STE. 300,    ATLANTA, GA 30328-6101
25553519    +JP RECOVERY,    PO BOX 16749,    ROCKY RIVER, OH 44116-0749
25553521    +ORTHOPAEDIC ASSOCIATES,    PO BOX 72257,    CLEVELAND, OH 44192-0002
25553522    +PEARL LAW OFFICES LLC,    9393 OLDE EIGHT ROAD,    NORTHFIELD, OH 44067-1953
25553523    +PSYCHOLOGICAL BEHAVIORAL CONSULTANTS,    25101 CHAGRIN BOULEVARD,    STE. 100,
             BEACHWOOD, OH 44122-6042
25553524     QUEST DIAGNOSTICS,    875 GREENTREE ROAD,    4 PARKWAY CENTER,    PITTSBURGH, PA 15220-3610
25553526    +SCHEER, GREEN & BURKE,    1 SEAGATE,    STE. 640,    TOLEDO, OH 43604-4501
25553531    +UNIVERSITY HOSPITALS ST. JOHN MEDICAL CENTER,    29000 CENTER RIDGE ROAD,
             WESTLAKE, OH 44145-5219

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
ust         +E-mail/Text: ustpregion09.cl.ecf@usdoj.gov Oct 18 2018 22:54:51     Cynthia J. Thayer,
             US Department of Justice,    201 Superior Avenue,    Suite 441,    Cleveland, OH 44114-1234
25553511    +EDI: CAPITALONE.COM Oct 19 2018 02:23:00     CAPITAL ONE BANK,    ATTN: BANKRUPTCY,
             PO BOX 30285,    SALT LAKE CITY, UT 84130-0285
25553515    +EDI: FORD.COM Oct 19 2018 02:23:00     FORD CREDIT,    PO BOX 542000,    OMAHA, NE 68154-8000
25553517    +E-mail/Text: bankruptcy@affglo.com Oct 18 2018 22:56:23     GLOBAL CREDIT COLLECTIONS,
             5440 N. CUMBERLAND AVENUE,    STE. 300,    CHICAGO, IL 60656-1486
25553518    +E-mail/Text: mirandahall@spsh.com Oct 18 2018 22:58:42     HIGHLAND SPRINGS LLC,
             4199 MILL POND DRIVE,    BEACHWOOD, OH 44122-5731
25553520     EDI: RESURGENT.COM Oct 19 2018 02:23:00     LVNV FUNDING LLC,    C/O RESURGENT CAPITAL SERVICES,
             PO BOX 10587,    GREENVILLE, SC 29603-0587
25555105    +EDI: PRA.COM Oct 19 2018 02:23:00     PRA Receivables Management, LLC,    PO Box 41021,
             Norfolk, VA 23541-1021
25553525     E-mail/Text: bk@revenuegroup.com Oct 18 2018 22:57:43     REVENUE GROUP,
             4780 HINCKLEY INDUSTRIAL PARKWAY,    STE. 200,    CLEVELAND, OH 44109
25553527     EDI: RMSC.COM Oct 19 2018 02:23:00     SYNCHRONY BANK/AMAZON,    PO BOX 105972,
             ATLANTA, GA 30348-5972
25553528     EDI: RMSC.COM Oct 19 2018 02:23:00     SYNCHRONY BANK/LEVIN FURNITURE,    PO BOX 105972,
             ATLANTA, GA 30348-5972
25553529    +EDI: WTRRNBANK.COM Oct 19 2018 02:23:00     TD BANK USA/TARGET CREDIT,    PO BOX 673,
             MINNEAPOLIS, MN 55440-0673
25553530     EDI: USBANKARS.COM Oct 19 2018 02:23:00     US BANK,    ATTN: BANKRUPTCY DEPARTMENT,
             PO BOX 5229,    CINCINATTI, OH 45201-5229
25553532     EDI: WFFC.COM Oct 19 2018 02:23:00     WELLS FARGO HM MORTGAG,    8480 STAGECOACH CIR,
             FREDERICK, MD 21701
                                                                            TOTAL: 13

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*         +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
                                                                  TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner
shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social
Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required
by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 20, 2018                         Signature:  /s/Joseph Speetjens

District/off: 0647-1          User: admin              Page 2 of 2             Date Rcvd: Oct 18, 2018
                              Form ID: 318             Total Noticed: 27

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 17, 2018 at the address(es) listed below:
          Patrick D. Miller    on behalf of Debtor Joseph W. Wagner pmiller@lawlh.com,  lsekanic@lawlh.com,
          pmiller@ecf.courtdrive.com
          Virgil E. Brown, Jr.   virgil@vebtrustee.com,   vbrownjr@ecf.epiqsystems.com
                                                                                      TOTAL: 2

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Joseph W. Wagner** | Social Security number or ITIN **xxx–xx–7570** |
| | First Name   Middle Name   Last Name | EIN __–_____ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN ____ |
| | | EIN __–_____ |
| United States Bankruptcy Court   **Northern District of Ohio** | | |
| Case number:  **18–14232–aih** | | |

## Order of Discharge

12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Joseph W. Wagner

<u>10/17/18</u>

**By the court:** <u>ARTHUR I HARRIS</u>
United States Bankruptcy Judge

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

Official Form 318                **Order of Discharge**                page 1

*Group Exhbit A, Page 6*

**Some debts are not discharged**

Examples of debts that are not discharged are:

- ◆ debts that are domestic support obligations;

- ◆ debts for most student loans;

- ◆ debts for most taxes;

- ◆ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- ◆ debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- ◆ some debts which the debtors did not properly list;

- ◆ debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- ◆ debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Electronically Filed 10/22/2019 19:52 /  / CV 19 923718 / Confirmation Nbr. 1849079 / CLSLP

*Group Exhbit A, Page 7*

18-14232-aih    Doc 12    FILED 10/20/18    ENTERED 10/21/18 00:21:29    Page 4 of 4

P.O. Box 105314
Atlanta GA 30348

August 21, 2019

 **EQUIFAX**

To Start An Investigation, Please Visit Us At:
www.investigate.equifax.com



000001073 FFECI1908211929550000 01 000000
002732690-1860
JOSEPH W WAGNER
4466 AZALEA LN
NORTH OLMSTED, OH 44070-2447

**Group Exhbit A, Page 8**

Page 1 of 2      92330541223PD-002732690- 1860 - 3892 - ASD



| Company Information | Inquiry Date(s) |
|---|---|
| ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | |
| ▇▇▇▇▇▇▇▇▇▇▇▇▇ | |
| AR-Fortiva | 11/20/2018 |
| 5 CONCOURSE PKWY STE 400  ATLANTA, GA 30328-9114 | |
| ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ | |

Electronically Filed 10/22/2019 19:52 / CV 19 923718 / Confirmation Nbr. 1849079 / CLSLP

**Group Exhbit A, Page 9**

CLEVELAND, OHIO 44113

| CASE NO. | | SUMMONS NO. |
|---|---|---|
| CV19923718 | D1 FX | 40129563 |

Rule 4 (B) Ohio

Rules of Civil Procedure

JOSEPH W. WAGNER    **PLAINTIFF**
VS
ATLANTICUS HOLDINGS CORPORATION    **DEFENDANT**

# SUMMONS

ATLANTICUS HOLDINGS CORPORATION
C/O CORPORATION SERVICE COMPANY, S/A
40 TECHNOLOGY PARKWAY SOUTH
SUITE 300

NORCROSS GA 30092

You have been named defendant in a sums complaint (copy attached hereto) filed in Cuyahoga County Court of Common Pleas, Cuyahoga County Justice Center, Cleveland, Ohio 44113, by the plaintiff named herein.

You are hereby summoned and required to answer the complaint within 28 days after service of this summons upon you, exclusive of the day of service.

**Said answer is required to be served on:**



Said answer is required to be served on Plaintiff's Attorney (Address denoted by arrow at left.)

Your answer must also be filed with the court within 3 days after service of said answer on plaintiff's attorney.

Plaintiff's Attorney

PATRICK D MILLER
2012 WEST 25TH STREET, SUITE 701

CLEVELAND, OH 44113-0000

If you fail to do so, judgment by default will be rendered against you for the relief demanded in the complaint.

**Case has been assigned to Judge:**

CASSANDRA COLLIER-WILLIAMS
Do not contact judge. Judge's name is given for attorney's reference only.

**NAILAH K. BYRD**
Clerk of the Court of Common Pleas

| DATE SENT |
|---|
| Oct 23, 2019 |

By_____
Deputy

COMPLAINT FILED   10/22/2019



CMSN130